## Smith v. Kentucky & West Virginia Power Company.

(Decided February 17, 1925.)

### Appeal from Pike Circuit Court.

1. Eminent Domain—Right to Acquire Easement Over Property in General Not Limited to Electric Companies Generating by Water Power.—In view of amendment of Acts 1908, chapter 2, section 1, by Acts 1916, chapter 64, (Kentucky Statutes, section 1599b-1), that section and (Kentucky Statutes, section 1599b-2), do not limit right to acquire easement over property in general by eminent domain to electric companies which generate electricity by water power.

2. Eminent Domain—Compensation for Easement for Electric Power Line Not so Flagrantly Inadequate as to Authorize Reversal.— Damages of $1,000.00 for condemnation of easement for electric power line through center of $10,000.00 farm is not so flagrantly inadequate as to authorize reversal, where jury inspected ground, though all but one witness placed damage at between $2,000.00 and $3,000.00.

STRATTON & STEPHENSON for appellant.

HARMON, FRANCIS & HOBSON for appellee.

Opinion of the Court by Judge McCandless—Affirming.

The Kentucky & West Virginia Power Company instituted a condemnation proceeding in the Pike county court to secure a right of way and easement in and over a strip of land fifty feet wide, across the farm of Joe B. Smith, a distance of 3,199 feet, for the purpose of constructing and maintaining a high power transmission line along the center of the strip, and with the further right to remove all timber endangering its transmission lines on a strip 100 feet wide, or fifty feet on either side of the center of the right of way.

The commissioners reported $700.00 in damages. To this Smith filed exceptions claiming $2,000.00. In a trial in the county court a verdict was rendered in his favor for $700.00; he appealed to the circuit court, in which he was awarded $1,000.00, and he again appeals.

It is argued that under our statute, sections 1599b-1 and 2, the exercise of the right of eminent domain in securing rights of way and easements over property in general by companies producing and marketing electricity is restricted to water power companies; and that if such commodity is generated otherwise than by water power, those engaged in its production and sale are regulated by the provisions of sections 1599c-1 and 2, which authorize condemnation proceedings only upon, over or across public highways and streams and not elsewhere. The plaintiff in this action does not generate electricity by water power and therefore is not given a right of eminent domain across farming lands, and therefore the general and special demurrer should have been sustained.

This argument is clearly fallacious. True, sections 1599c-1 and 2, apply only to streams and roads as indicated. It is also true that as originally drawn under the Act of March 4, 1908, sections 1599b-1 and 2 were restricted to water power companies as claimed. But by an act of March 23, 1916, subsection 1, *supra,* was amended, the title of the act reading:

"An Act to amend section one of an act entitled, 'An act authorizing corporations organized or empowered to construct a dam or dams in any river or stream in this state for the purpose of improving navigation or developing, using, distributing and selling water power, electricity or electrical energy,

to exercise the right of eminent domain,' approved March 4, 1908, and being subsection one of section 1599b of Carroll's Kentucky Statutes, 1915, so that when so amended said act will authorize all corporations heretofore or hereafter authorized under the laws of this state to conduct the business of producing and supplying electricity for purposes of light, heat or power, and which shall be engaged, or shall hereafter desire to engage, in the business of the transmission of such electricity, to exercise the power of eminent domain.''

In accordance with the title that section, as amended, now reads:

"That every corporation heretofore or hereafter organized for the purpose of constructing or empowered to construct a dam or dams in any river or stream in this state for the purpose of improving navigation or hereafter authorized under the laws of this state to conduct the business of producing and supplying the electricity for purpose of light, heat or power, to cause examinations and surveys to be made for its proposed dam or dams  .  .  . and transmission lines.  .  .  . ''

Section 1599b-2 provides that when such corporation cannot acquire the real or personal property rights, &c., by agreement with the owner "it shall be lawful for such corporation to condemn and take such real estate or personal property, rights, privileges or easements necessary for such dam or dams, reservoirs or ponds, locks, bridges or power stations, roads, conduits transmission lines and flowage in the same manner and the compensation to be paid therefor shall be ascertained and paid in the same manner as provided in sections 835-840, inclusive, of the Kentucky Statutes for the condemnation of land by railroad companies.  .  .  . ''

Clearly these sections refer to every corporation producing, distributing or selling electricity, as do sections 1599c-1 and 2, which extend to them the right of eminent domain over public highways and streams. We conclude that the demurrer was properly overruled.

It is further argued that the verdict is flagrantly against the evidence. Appellant's farm is shown to be of the value of $10,000.00 and the right of way condemned runs through the center of it. A number of wit-

nesses place his damage at from two to three thousand dollars, while only one or two place it lower, but the jury were sent out upon the ground and inspected it for themselves. Considering this with the other evidence we cannot say that the verdict is so flagrantly against the evidence as to authorize a reversal.

Perceiving no error the judgment is affirmed.